IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKSON HOLE JEWELRY COMPANY, LLC,
a Wyoming limited liability company,

    Plaintiff,

v.

THE PARTNERS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

    Defendants.

No.

**Jury Demanded**

## COMPLAINT

Plaintiff, Jackson Hole Jewelry Company, LLC ("Jackson Hole"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. This action has been filed by Plaintiff in attempt to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use that same unauthorized and unlicensed products which infringe on Plaintiff's copyrights (collectively, the "Infringing Products") shown in **Exhibit B** attached hereto.

2. Jackson Hole is fine jewelry store that creates and designs its own original jewelry, which is sold online and in store.

3. The Defendants create numerous Internet stores and design them to appear to be selling genuine products copyrighted by Plaintiff, while selling inferior imitations of Plaintiff's Work. The Defendant Stores share unique identifiers, such as design elements and similarities of

the infringing products offered for sale, establishing a logistical relationship between them and suggesting that Defendants' illegal operations arise from the same transaction, occurrence, or series of transactions and occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal infringing operation. Plaintiff is therefore forced to file this action to combat Defendants' infringement of Plaintiff's Copyrighted Artwork, and to protect unknowing customers from purchasing unauthorized products over the Internet.

4. Jackson Hole brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of copyrighted works in violation of 17 U.S.C. § 501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq*.

5. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the claims in this action arising under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*., under 28 U.S.C. §§ 1331 and 1338(a), (b).

7. Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Illinois and this district, through at least the internet-based e-commerce stores accessible in Illinois.

8. Defendants are further subject to personal jurisdiction in this district because each Defendant directly targets consumers in the United States, including in Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant domain names and/or the Online Marketplace Accounts identified in **Schedule A** attached hereto (collectively, the "Defendants" or "Defendant Internet Stores"). Specifically, the Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products infringing Plaintiffs copyrighted artwork and work. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accepts payment in United States Dollars, and on information and belief, has sold infringing products to Illinois residents. Each of the Defendants are committing tortious and illegal activities directed towards the state of Illinois and causing substantial injury in Illinois, and Plaintiff's claims arise out of those activities.

9. Alternatively, Defendants are subject to personal jurisdiction in this district under Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

10. Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendants and their agents are subject to the court's personal jurisdiction and therefore reside in this judicial district or may be found here.

11. Venue in this judicial district is otherwise proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not a resident in the United States and therefore there is no district in which any action may otherwise be brought.

## PARTIES

12. Jackson Hole Jewelry Company, LLC is a Wyoming limited liability company.

13. Jackson Hole owns all rights, title, and interest in the Subject Artwork and copyrights described herein that are the subject of this action.

14. Jackson Hole sells original jewelry designs and are frequently commissioned for jewelry throughout the United States.

15. Jackson Hole is in the business of developing, marketing, selling, creating, and distributing products featuring the original artwork, which it owns valid copyrights for (collectively, "Subject Artwork").

16. Defendants have the capacity to be sued under Federal Rule of Civil Procedure 17(b).

17. The Defendants in **Schedule A** (collectively, "Defendants") are individuals and business entities who, upon information and belief, reside primarily in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has, upon information and belief, sold, offered for sale, and continues to sell, products containing the Subject Artwork to consumers within the United States and this District.

18. Defendants have purposefully directed some portion of their illegal activities towards consumers in the state of Illinois through the advertisement, offer to sell, sale, and/or shipment of infringing goods to the State.

19. Upon information and belief, Defendants may have engaged in fraudulent conduct providing false and/or misleading information to the Internet based e-commerce platforms or domain registrar where they offer to sell and/or sell infringing products.

20. Upon information and belief, Defendants will likely continue sell and offer for sale products containing Jackson Hole's intellectual property, namely products containing in whole, or in part, the Subject Artwork, unless preliminarily and permanently enjoined.

21. Defendants use their Internet-based businesses to infringe the intellectual property rights of Jackson Hole and others.

22. Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Jackson Hole's economic interests in the state of Illinois and causing Jackson Hole harm and damage within this jurisdiction.

23. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Jackson Hole's intellectual property rights and the destruction of the legitimate market sector in which Jackson Hole operates.

24. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Jackson Hole's intellectual property rights, including Jackson Hole's exclusive right to use and license such intellectual property rights.

25. Jackson Hole is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each

and every violation of Jackson Hole's rights and the damages to Jackson Hole proximately caused thereby.

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

26. Defendants are promoting, selling, offering for sale and distributing goods bearing identical or substantially similar imitations of Jackson Hole's intellectual property within this district.

27. Joinder of all Defendants is permissible under Fed. R. Civ. P. 20(a)(2) that permits joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in this action.

28. Joinder of the multiple Defendants is permitted because Jackson Hole asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

29. Joinder of the multiple Defendants serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Jackson Hole, Defendants, and this Court.

30. Joinder of the multiple Defendants will not create any unnecessary delay, nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Jackson Hole and Defendants alike.

31. Joinder of the multiple Defendants is procedural only and does not affect the substantive rights of any defendant listed on Schedule A hereto.

32. This court has jurisdiction over the multiple Defendants. Venue is proper in this court for this dispute involving the multiple Defendants.

33. Jackson Hole's claims against the multiple Defendants are all transactionally related.

34. All Defendants' actions are logically related. All Defendants are engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

35. Several of the Defendants sell the same Infringing Products, often using the same Product Identification Numbers.

36. All Defendants undertake efforts to conceal their true identities from Plaintiff to avoid accountability for their activities.

37. All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

38. All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their illegal activities.

39. All Defendants can easily and quickly transfer or conceal their funds in their use of payment and financial accounts to avoid detection and liability in the event their efforts are discovered, or Jackson Hole obtains monetary award.

40. All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

41. Defendants' business names, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of Infringing Products, which are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Jackson Hole.

42. Defendants are using infringements of Jackson Hole's intellectual property rights to drive Internet consumer traffic to their e-commerce stores and decreasing the size and value of Jackson Hole's legitimate marketplace and intellectual property rights at Jackson Hole's expense.

43. Defendants, through the sale and offer to sell Infringing Products, are directly and unfairly competing with Jackson Hole's economic interests in the state of Illinois and causing Jackson Hole harm and damage within this jurisdiction.

44. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Jackson Hole's intellectual property rights, including Jackson Hole's exclusive right to use and license to the Subject Artwork.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT ARTWORK

45. Zachariah Turpin, owner of Jackson Hole Jewelry, created the original artwork shown in **Exhibit A** (the "Subject Artwork") and thereafter transferred all rights in the Subject Artwork to Jackson Hole via transfer agreement.

46. Jackson Hole complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Artwork.

47. Prior to the acts complained of herein, Jackson Hole widely publicly displayed and disseminated the Subject Artwork including without limitation on Jackson Hole's website *https://www.jacksonholejewelry.com/*.

48. Genuine goods featuring the Subject Artwork, in whole or in part, are sold by Jackson Hole and its authorized distributors.

49. Defendants, and each of them, have willfully copied, reproduced, distributed, sold, and/or offered for sale products featuring, in whole or in part, the Subject Artwork for financial benefit by, without limitation, reproducing the Subject Artwork online and/or products bearing copies of the Artwork for commercial benefit, including without limitation, through Defendant Internet Stores.

50. Defendants are using identical copies of Jackson Hole's Artwork. True and correct copies and screen captures of Defendants' unauthorized use are depicted in **Exhibit B** ("Infringing Products") attached hereto. These copies and screen captures represent non-inclusive exemplars of the Infringing Products.

51. Defendants advertise their e-commerce stores to the consuming public via e-commerce stores on Internet marketplace websites under storefronts identified using a Seller Alias', such as those shown in **Schedule A.** The Infringing Products are sold by Defendants using unique Product Identification Numbers ("PIN"), and several of the Seller Alias' sell the same Infringing Products identified by the same PIN.

52. In advertising their stores and products, Defendants improperly and unlawfully use the Subject Artwork without Jackson Hole's permission.

53. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Jackson Hole's Subject Artwork.

54. Defendants are causing individual, concurrent and indivisible harm to Jackson Hole and the consuming public by (i) depriving Jackson Hole and other third parties of their right to

fairly compete for space within search engine results and reducing the visibility of Jackson Hole's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value associated with the images, (iii) increasing Jackson Hole's overall cost to market its goods and educate consumers via the Internet, and (iv) infringing Jackson Hole's exclusive copyrights.

55. As a result, Defendants are defrauding Jackson Hole and the consuming public for Defendants' own benefit. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear unknowing to customers to be authorized online retailer, outlet stores, or wholesalers selling genuine products featuring the Subject Artwork. Many of the Defendant Internet Stores look sophisticated and accept payment in US Dollars via credit cards. Defendant Internet Stores include design elements that make it very difficult for consumers to distinguish such infringing sites from authorized seller websites.

56. Upon information and belief, at all times relevant hereto, Defendants had full knowledge of Jackson Hole's ownership of the Subject Artwork, including its exclusive right to use and license such Subject Artwork, through Jackson Hole's numerous online profiles and features, online publications and press featuring Jackson Hole's Subject Artwork, Jackson Hole's social media accounts, and/or through viewing the Subject Artwork on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.).

57. Defendants' use of the Subject Artwork, including the promotion and advertisement, reproduction, distribution, sale and offering for sale Infringing Products, is without Jackson Hole's consent or authorization.

58. Defendants are engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Jackson Hole's rights.

59. Jackson Hole has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Artwork.

60. If Defendants' intentional infringing activities are not preliminarily and permanently enjoined, Jackson Hole and the consuming public will continue to be harmed.

61. Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

62. Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Jackson Hole.

63. Jackson Hole is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of the Subject Artwork.

64. Jackson Hole has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

65. Jackson Hole repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

66. Jackson Hole, a United States-based designer, has complied in all respects with the Copyright Act of the United States and other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue.

67. Under 17 U.S.C. § 106, Jackson Hole has the exclusive rights and privileges to reproduce, prepare derivate works, distribute copies, and import copies into the United States of the Subject Artwork shown in **Exhibit A**.

68. Jackson Hole alleges that Defendants, and each of them, accessed the Subject Artwork through Jackson Hole's widespread public display and sales of the Subject Artwork. Further, access cannot be disputed given the identicalness of copying, as shown in **Exhibits A** and **B** attached hereto.

69. Defendants, and each of the them, infringed Jackson Hole's exclusive copyrights by creating infringing derivatives, copying, displaying, and/or distributing the Subject Artwork to the public in violation of 17 U.S.C. § 106, as seen, without limitation, in the screen captures in **Exhibit B** depicting exemplars of the Infringing Products offered for sale by each of the Defendants identified in **Schedule A**.

70. Due to Defendants' sale and distribution of the Infringing Products as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Jackson Hole's rights in the Subject Artwork. As such, Jackson Hole is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Artwork in an amount to be established at trial.

71. Defendants' conduct constitutes willful and direct copyright infringement. The similarities between the Subject Artwork and Infringing Products further proves the willful and direct infringement by Defendants.

72. On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

73. Due to Defendants', and each of their, acts of infringement, Jackson Hole has actually and proximately suffered actual, general, and special damages in an amount to be established at trial under 17 U.S.C. § 504(b) and (c).

74. The harm caused to Jackson Hole is irreparable.

75. Jackson Hole is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

76. Jackson Hole complied with registration requirements for the Subject Artwork before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per artwork per the Copyright Act.

77. Jackson Hole is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

78. Jackson Hole repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

79. On information and belief, Jackson Hole alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Artworks as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use the Subject Artwork, and/or selling such derivative works and products and that that Defendants knew, or should have known, were not authorized.

80. On information and belief, Jackson Hole alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the Infringing Products. Specifically, Defendants, and each of them, profited in connection with the Infringing Products, and were able to supervise the distribution, broadcast, and publication of the Infringing Products.

81. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Jackson Hole has suffered general and special damages in an amount to be established at trial.

82. Due to Defendants' acts of infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Jackson Hole's rights in the Subject Artwork. As such, Jackson Hole is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Jackson Hole rights in the Subject Artwork, in an amount to be established at trial.

83. On information and belief, Jackson Hole alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a.  Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C.§ 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, affiliates, and/or all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell Infringing Products; from infringing the Subject Artwork; from using the Subject Artwork, or any design similar thereto, in connection with the sale of any unauthorized goods; from using any reproduction, infringement, copy, or colorable imitation of the Subject Artwork in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; and from otherwise unfairly competing with Plaintiff;

b.  Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using the Subject Artwork including those found using the Product Identification Numbers shown in **Exhibit B** attached to the Complaint;

c.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided

with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing infringements of the Subject Artwork;

d.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

e.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia*, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods bearing infringements of the Subject Artwork via the ecommerce stores operating under the Seller IDs, including but not limited to those on Schedule A and all Infringing Products, including but not limited to the listings and associated images identified by the internal PINs, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Work associated with any Identification Number linked to the same sellers or linked to any other alias seller identification names being used

and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing infringements of the Subject Artwork;

f. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing the Work in its inventory, possession, custody, or control, and surrender those goods to Plaintiff;

g. Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public;

h. Entry of an Order requiring Defendants to account to and pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

i. Entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs, disbursements, and reasonable attorneys' fees, associated with bringing this lawsuit;

j. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

k. Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or

COMPLAINT

sub-accounts used in connection with the Seller IDs, or other alias seller identification or ecommerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

l.  That a trust be entered over all Infringing Products, and all profits realized through the sales and distribution of said work;

m.  That Plaintiff be awarded pre-judgment interest as allowed by law;

n.  That Plaintiff be awarded the costs of this action; and

o.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: December 29, 2023   By:   */s/ Mackenzie Paladino*
Mackenzie Paladino, Esq. (Bar No. 6342560)
DONIGER / BURROUGHS
247 Water St., First Fl.
New York, New York 10038
mpaladino@donigerlawfirm.com
*Attorneys for Plaintiff*